IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DOUBLE COLA, CO. USA, <br><br> Plaintiff, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Case No. 1:25-cv-00077 |

## DEFENDANT'S NOTICE REMOVAL

COMES NOW Defendant ACE American Insurance Company ("ACE"), by and through its undersigned counsel, and hereby gives notice of removal of this action from the Circuit Court of Hamilton County, Case No. 25C194, to the United States District Court for the Eastern District of Tennessee. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because ACE satisfies the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, ACE avers:

## THE STATE COURT ACTION

1. Plaintiff Double Cola, Co. USA ("Double-Cola" or "Plaintiff") filed a Complaint against ACE on January 29, 2025, in the Circuit Court for Hamilton County, Tennessee, in the case captioned *Double Cola, Co. USA v. ACE American Insurance Company*, Case No. 25C194.

2. Defendant attaches hereto as Exhibit "1" a true and correct copy of all of the process, pleadings (as defined by Federal Rule of Civil Procedure 7), and Orders served on Defendant in this action to date, as required by 28 U.S.C. § 1446(a).

1

3. Plaintiff avers it is a Georgia corporation with a principal address and corporate headquarters in Chattanooga, Tennessee. See Ex. 1, ¶ 1.

4. Defendant ACE is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Pennsylvania. Therefore, it is a citizen of Pennsylvania for purposes of 28 U.S.C.§ 1332(a)."

5. Plaintiff's Complaint arises out of an insurance coverage dispute. Plaintiff alleges Defendant failed to provide coverage under the Policies and asserts legal claims for breach of contract/breach of duty of good faith and fair dealing, bad faith, declaratory judgment, detrimental reliance/estoppel, or in the alternative, negligent misrepresentation. Id., Ex. 1, ¶¶ 38, 40-82.

6. Plaintiff prays for more than $1,000,000.00 in damages, plus attorney's fees, costs, expenses, and pre-judgment interest. Id., p.15-16.

## **DIVERSITY JURISDICTION**

7. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

8. This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

9. A corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c).

10. Plaintiff is a Georgia corporation with a principal address in Tennessee. Therefore, for diversity of citizenship purposes, Plaintiff is a citizen of Georgia and Tennessee. See Ex. 1, ¶ 1.

11. At all relevant times, ACE was and is a Pennsylvania corporation with its principal place of business located in Pennsylvania. Therefore, for diversity of citizenship purposes, ACE is a citizen of Pennsylvania.

12. Complete diversity exists where Plaintiff is a citizen of the State of Georgia and Tennessee, and Defendant ACE is a citizen of Pennsylvania.

13. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

14. The sum demanded in the complaint shall be deemed to be the amount in controversy. See 28 U.S.C. § 1446(c)(2)(A)(ii).

15. Although ACE denies any and all liability to Plaintiff, Plaintiff's Complaint alleges that it seeks a judgment in the amount of $1,000,000.00 in damages, plus attorney's fees, costs, expenses, and pre-judgment interest. See Ex. 1, p. 15-16.

16. Under controlling law, "the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F.3d 401, 407 (6th Cir. 2007) (citing *Woodmen of the World/Omaha Woodmen Life Ins. Soc. v. Scarbro,* 129 Fed. Appx. 194, 196 (6th Cir. 2005)).

17. Based upon Plaintiff's allegations in the Complaint, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

18. Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## REMOVAL JURISDICTION

19. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

20. Removal of this action is based upon 28 U.S.C. § 1441 in that this is a civil action brought in a state court over which the district courts have original jurisdiction under 28 U.S.C. § 1332.

21. Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a). Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Id. § 1441(b).

22. Plaintiff filed this action in the Circuit Court of Hamilton County. The Eastern District of Tennessee is the judicial district embracing Hamilton County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed. See 28 U.S.C. §§ 1441(a), 1446(a).

23. Section 1446(b) designates the period of time in which a defendant is to file the notice of removal. That section provides that the defendant "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b).

24. Plaintiff served the Complaint on the Tennessee Department of Commerce and Insurance on February 5, 2025. The Tennessee Department of Commerce and Insurance then mailed the Complaint to ACE. ACE received this service copy of the Complaint on **February 18, 2025**. Removal is timely because 30 days have not elapsed since ACE received the Complaint.

25. Venue is proper in this Court pursuant to 18 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred in this district.

26. Further, pursuant to Section 1446(a), ACE is also filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Circuit Court of Hamilton County in this removed action.

27. Additionally, ACE will promptly provide written notice to Plaintiff in accordance with 28 U.S.C. § 1446(d) and file a copy of this petition for removal with the Clerk of the Circuit Court of Hamilton County. See 28 U.S.C. § 1446(d).

28. ACE reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendant, ACE American Insurance Company hereby removes this action now pending against it in the Circuit Court of Hamilton County, Tennessee to the United States District Court for the Eastern District of Tennessee and requests that this Court assume full jurisdiction over the matter, as provided by law, and permit this action to proceed before it as a matter properly removed hereto.

DATED this 7th day of March, 2025.

/s/ Kenan G. Loomis
Kenan G. Loomis
TN Bar No. 026150
COZEN O'CONNOR
1230 Peachtree Street, NE
The Promenade, Suite 400
Atlanta, GA 30309
Telephone: (404) 572-2028
Facsimile: (866) 591-9127
E-mail: kloomis@cozen.com

*Attorney for Defendant ACE American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, I electronically filed the foregoing **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of Court by uploading same to the Court's CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

>Eric J. Oliver
>Robert Wheeler
>Patrick, Beard, Schulman & Jacoway, P.C.
>537 Market Street, Suite 300
>Chattanooga, TN 37402
>eoliver@pbsjlaw.com
>rwheeler@pbsjlaw.com
>*Attorneys for Plaintiff*

>/s/ Kenan G. Loomis
>Kenan G. Loomis
>TN Bar No. 026150

LEGAL\76126858\2