UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DOUBLE COLA, CO. USA, | ) |
| | ) No. 1:25-cv-77 |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Judge Curtis L. Collier |
| | ) Magistrate Judge Mike J. Dumitru |
| ACE AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| *Defendant*. | ) |

# **MEMORANDUM**

Before the Court is a motion by Defendant, ACE American Insurance Company ("AAIC"), to dismiss Counts II and IV of the first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. (Doc. 11.) Plaintiff, Double Cola, Co. USA ("Double-Cola"), has responded (Doc. 14), and Defendant has replied (Doc. 15). This matter is now ripe for review.

## I. **BACKGROUND**[1]

Defendant AAIC is an insurance company licensed to provide insurance coverage in Tennessee. (Doc. 8 ¶ 2.) Plaintiff Double-Cola is a one-hundred-year-old "family-owned drink company that produces high-quality beverages with unique flavors." (*Id*. ¶ 11.) Leading up to this dispute, Double-Cola was a reoccurring insurance customer of AAIC. (*Id*. ¶ 9.)

AAIC provided Plaintiff with insurance coverage from January 2021 to January 2023 (the "Policy"). (*Id*. ¶ 7.) Marsh & McKennan Agency LLC ("Marsh & McKennan") was the producer of the Policy and "served as Double-Cola's local insurance agent, to coordinate coverage regarding

---

[1] This summary of the facts accepts all the factual allegations in Plaintiff's complaint as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

the Policy." (*Id.* ¶ 10.) For the policy period of January 1, 2021, to January 1, 2022, AAIC issued Double-Cola policy number G2839620A 002. (*Id.* ¶ 7.) For the policy period of January 1, 2022, to January 1, 2023, AAIC issued Double-Cola policy number G2839620A 003. (*Id.*) Double-Cola timely paid its yearly premium for both of these policy periods, paying $5,396 and $8,994 respectively. (*Id.* ¶ 9.) The Policy provided insurance coverage for each insured event in the amount of $500,000. (*Id.* ¶ 8.)

The Policy includes a "CHUBB Recall Plus Insurance Policy ["CHUBB Recall Policy"], providing insurance for covered product recalls of [Double-Cola's] consumable products." (*Id.* ¶ 21.) The Policy states AAIC will reimburse Double-Cola for "loss" of consumable products that were "adulterated" and resulted or would result in "bodily injury." (Doc. 8-1 at 6.) Adulterated means "accidentally or unintentionally contaminated or impaired by a microbiological, chemical, allergen, or physical hazard." (*Id.*) Bodily injury means "physical injury, sickness, disease, or death sustained by a person." (*Id.*)

Double-Cola produces several drinks, "including the original 'Double-Cola' made from a recipe dating back to 1933, 'SKI' citrus soda introduced in 1956, JUMBO sodas and a refreshing shandy, equal parts SKI soda and Kölsch-style ale called 'Brewski.'" (*Id.* ¶ 11.) In 2019, Double-Cola produced three newly-formulated Pilsner pale ales using the "Brewski" name. (*Id.* ¶ 12.) Because this production was "met with critical acclaim," Double-Cola produced and rolled out additional Brewski flavors. (*Id.* ¶¶ 13–14.)

The Brewski line "enjoyed early retail success" and "was on its way to becoming one of Double-Cola's star brands." (*Id.* ¶¶ 15–16.) However, around July 20, 2022, Double-Cola was notified that some of its twelve-ounce Brewski Citrus Shandy cans were expanding and exploding during distribution and fulfillment. (*Id.* ¶ 16.) Double-Cola quickly informed and reported the

2

loss to its insurance agent at Marsh & McKennan and AAIC in compliance with the notice provisions in the AAIC Policy. (*Id*. ¶¶ 17–18.) AAIC acknowledged receipt and assigned the claim as "No. KY22K2764784." (*Id*. ¶ 18.) AAIC then retained an insurance adjuster company, Johnstone Partners, to gather information from Double-Cola. (*Id*. ¶ 19.) According to the complaint, AAIC and Johnstone Partners instructed Double-Cola to withdraw the affected product from the market, which Double-Cola alleges caused "substantial costs and expenses" and "tarnished" the reputation of the Brewski line. (*Id*. ¶¶ 19–20.)

Plaintiff alleges that the CHUBB Recall Policy provides coverage for the recalled items in the Brewski line. (*Id*. ¶ 21.) After making the initial claim, Double-Cola cooperated with AAIC and provided documentation, including photographs, regarding the expansion of the Brewski cans. (*Id*. ¶¶ 23–24.) Double-Cola also provided AAIC with "laboratory results objectively demonstrating that the Brewski cans were contaminated with a foreign microbiological agent/hazard that was not meant to be in the cans and was not part of the Brewski formula or an interaction among the beverage's intended ingredients." (*Id*. ¶ 25.)

On January 31, 2023, despite submitting proof "that the cans contained a microbiological agent that was never meant to be in the cans which caused an adulterated product and clear evidence that expanding/exploding cans would cause property damage (i.e., foreseeable damage to everything that the product spilled on) and personal injury to any customer holding the can," AAIC denied covering Double-Cola's losses under the Policy. (*Id*. ¶ 34.) AAIC, through legal counsel, asserted the Brewski product was not covered by the plan because it was not "adulterated" and that exploding cans would not cause personal injury or property damage required under the Policy. (Doc. 8-2 at 1.)

3

Case 1:25-cv-00077-CLC-MJD   Document 17   Filed 09/09/25   Page 3 of 12   PageID #: 233

On September 19, 2023, AAIC denied coverage once again. (Doc. 8 ¶ 36.) AAIC stated that although it "agreed to consider any evidence indicating that the cans had exploded or would explode in a manner that would injure a person or cause damage," Double-Cola "ultimately declined to provide additional evidence to support its burden to prove an 'insured event.'" (Doc. 8-3 at 1.) Double-Cola asserts, however, that AAIC "issued its final and unconditional denial of the claim before Plaintiff could tender a final statement of loss and before a final statement of loss was requested." (Doc. 8 ¶ 37.) To date, AAIC has not provided coverage under the Policy. (*Id.* ¶ 38.)

Based on these allegations, Double-Cola filed a complaint against AAIC in the Circuit Court of Hamilton County, Tennessee. (*See* Doc. 1 at 1.) Double-Cola asserts claims for (1) breach of contract and breach of duty of good faith and dealing; (2) punitive damages for reckless bad faith conduct under Tennessee law; (3) declaratory judgment; and (4) detrimental reliance/estoppel. (Doc. 8 ¶¶ 40–71.) On March 7, 2025, AAIC removed the action to this Court (Doc. 1), and on April 3, 2025, AAIC moved to dismiss Counts II and IV of the complaint (Doc. 11). This matter is now ripe for review.

## II. **STANDARD OF REVIEW**

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)). A court is not, however, bound to accept bare assertions of legal conclusions as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502,

4

506 (6th Cir. 2013). "'[N]aked assertions devoid of further factual enhancement' contribute nothing to the sufficiency of the complaint." *Flagstar Bank*, 727 F.3d at 506 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In deciding a motion under Rule 12(b)(6), a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Iqbal*, 556 U.S. at 677–78 (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III. DISCUSSION

In cases where the district court's jurisdiction is grounded in diversity, the district court applies the substantive law of the state in which the court sits. *Perry v. Allstate Indem. Co.*, 953 F.3d 417, 421 (6th Cir. 2020), *reh'g en banc denied* (June 1, 2020). "When there is no dispute that a certain state's substantive law applies, the court need not conduct a choice-of-law analysis *sua sponte*." *Johnson as Tr. of the SJ Trust v. Arch Specialty Ins. Co.*, No. 2:19-cv-02217, 2020

WL 1853316, at *2 (W.D. Tenn. Apr. 13, 2020). There is no dispute that Tennessee law applies, so the Court will apply Tennessee substantive law. *See id.*

AAIC moves to dismiss Counts II and IV of Double-Cola's amended complaint for failure to state a claim. The Court will address the two counts in turn.

### A. Double-Cola's Claim for Punitive Damages

AAIC first moves to dismiss Count II of the amended complaint for failure to state a claim upon which relief can be granted. In the amended complaint, the heading of Count II reads as follows: "Count II – Punitive Damages for Reckless Bad Faith Conduct/Tenn. Comp. R. & Regs. Unfair Claims Settlement Practices Rule 0780-01-05-.1-0780-01-05-.16." (Doc. 8 at 11 (emphasis and footnote removed).)

AAIC suggests that Double-Cola's claim for punitive damages "confuses a cause of action with a prayer for relief." (Doc. 15 at 1.) AAIC argues, "Double-Cola fails to plead a distinct, cognizable claim for relief in this Count" because "no civil claim exists under Tennessee law for either 'reckless bad faith conduct'" or regulatory violations. (Doc. 11 at 6–7.) Double-Cola responds by suggesting AAIC "misconstrues" Count II. (Doc. 14 at 1.) Double-Cola argues it does not raise reckless-bad-faith conduct or state regulatory violations as separate causes of action, but rather provides them to show punitive damages are warranted "as part of its breach of contract claim against AAIC." (*Id.* at 5.) In its reply, AAIC argues, "Double-Cola cannot plead a short cut to punitive damages through a tort or statutory civil claim that does not exist." (Doc. 15 at 2.) AAIC contends that Count II's claim for punitive damages is not a distinct cause of action and is instead a remedy available under the claim for breach of contract and breach of duty of good faith and fair dealing. (*Id.* at 1.)

Rather than providing support that there is a separate cause of action for punitive damages, Double-Cola notes that "[p]unitive damages have been widely recognized by every Tennessee district court as a remedy for contractual claims, with this Court specifically finding them available for a breach of an insurance contract." (Doc. 14 at 5.) Double-Cola admits that its claim for punitive damages is directly connected to "its breach of contract claim against AAIC for its reckless handling of Double-Cola's [insurance] claim." (*Id.*)

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Pro. 1. Rule 8, which lays out the general rules of pleading, states that "[e]ach allegation must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. Pro. 8(d)(1). "Pleadings must be construed so as to do justice." Fed. R. Civ. Pro. 8(e). "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era." *Iqbal*, 556 U.S. at 678.

In this case, punitive damages may be available in conjunction with Double-Cola proving its breach of contract claim. *See, e.g., Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 358 (6th Cir. 2018) (quoting Tennessee caselaw). AAIC correctly points out that Double-Cola's claim for punitive damages is not an independent cause of action but rather a remedy to the breach of contract claim. *See, e.g., White v. Allstate Ins. Co.*, No. 1:24-CV-1506, 2025 WL 1532464, at *4 (N.D. Ohio May 29, 2025) (quoting *Harry v. Kent Elastomer Prods.*, 538 F. Supp. 3d 776, 784 n.12 (N.D. Ohio 2021)) ("A claim for punitive damages is not an independent cause of action, but a remedy. Punitive damages cannot stand independently; they rise and fall with the substantive claims.").

According to Double-Cola, Count II does "nothing more than provide additional evidentiary support for the jury to find that punitive damages are warranted." (Doc. 14 at 2.) To secure the just, speedy, and inexpensive determination of this action, the claim for punitive damages is construed as a requested remedy, rather than an independent cause of action, and survives AAIC's motion to dismiss. *See* Fed. R. Civ. Pro. 1. To dismiss these allegations would be to disregard Rule 8's departure from hypertechnical pleading requirements. *See Iqbal*, 556 U.S. at 678. Therefore, AAIC's motion to dismiss Count II is **DENIED**.

### B. Double-Cola's Claim for Detrimental Reliance/Promissory Estoppel

AAIC next moves to dismiss Count IV of the amended complaint for failure to state a claim upon which relief can be granted. AAIC contends that "Double-Cola vaguely alleges 'estoppel/detrimental reliance,' without naming any factual, specific cause of action that exists under Tennessee law." (Doc. 11 at 8.) Double-Cola clarified that it is asserting a claim for "promissory estoppel/detrimental reliance." (Doc. 14 at 7.)

"Promissory estoppel is an alternative theory to recovery on an express contract." *Alsbrook v. Concorde Career Colls, Inc.*, 469 F. Supp. 3d 805, 833 n. 5 (W.D. Tenn. 2020) (citing *Sparton Tech., Inc. v. Util-Link, LLC*, 248 F. App'x 684, 689–90 (6th Cir. 2007)). A promissory estoppel claim is based on a "promise which the promisor should reasonably expect to induce action or forbearance on the part of the promissee or a third person and which does induce such action or forbearance." *Daly v. Wacker-Chemie AG*, No. 1:13-CV-382, 2014 WL 3810595, at *15 (E.D. Tenn. Aug. 1, 2014) (citing *Alden v. Presley*, 637 S.W.2d 862, 864 (Tenn. 1982)). In other words, it is a claim based on a clear promise that a plaintiff reasonably relied on to its detriment. *Alsbrook*, 469 F. Supp. 3d at 833 (citing *Chavez v. Broadway Elec. Serv. Corp.*, 245 S.W.3d 398, 404-05 (Tenn. Ct. App. 2007)). The detrimental reliance must be reasonable. *Monaco Indus., LLC v.*

8

*Fomento Econ. Mexicano S.A.B. de C.V.*, 685 F. Supp. 3d 654, 676 (E.D. Tenn. 2023). The doctrine is not liberally applied in Tennessee. *Id.* (citing *Barnes & Robinson Co. v. OneSource Facility Servs., Inc.*, 195 S.W.3d 637, 645 (Tenn. Ct. App. 2006)).

The elements of promissory estoppel are (1) a promise was made; (2) the promise was unambiguous and not unenforceably vague; and (3) the plaintiff reasonably relied on the promise to the plaintiff's detriment. *Daly*, 2014 WL 3810595, at *15 (citing *Chavez*, 245 S.W.3d at 404). "The reason for the doctrine is to avoid an unjust result, and its reason defines its limits. No injustice results in refusal to enforce a gratuitous promise where the . . . promisee's action in reliance was unreasonable or unjustified by the promise." *Id.* (quoting *Barnes*, 195 S.W.3d at 645).

"The key element in finding promissory estoppel is . . . the promise." *Chapman v. S. Nat. Gas Co.*, 477 F. App'x 331, 333 (6th Cir. 2012) (quotation and citation omitted). "[A] representation differs from a promise." *Roane Cnty. v. Jacobs Eng'g Grp., Inc.*, No. 3:19-CV-206, 2020 WL 5836553, at *3 (E.D. Tenn. Sept. 30, 2020) (quotation and citation omitted). Additionally, an expression of intent does not necessarily constitute an unambiguous promise. *See, e.g., Chapman*, 477 F. App'x at 333.

Double-Cola alleges the following facts to plead promissory estoppel: (1) AAIC and its insurance adjuster company, Johnstone Partners, "instructed" Double-Cola to withdraw the affected product from the market, (2) Double-Cola did as requested based on Double-Cola's reliance upon the representation that the product needed to be removed from the market, and (3) it would be unjust for AAIC to avoid payment under the Policy "by blaming Double-Cola for cooperating with the insurance adjuster." (Doc. 14 at 8–9.)

9

AAIC argues Double-Cola failed to plead any of the elements of promissory estoppel, especially the "'key element'—a promise." (Doc. 11 at 8.) It firsts contends, "AAIC is an insurer, not a governmental authority, and could not possibly be in the position to 'instruct' Double-Cola to withdraw its product." (Doc. 11 at 8–9.) Second, it contends that any supposed instruction by AAIC's independent adjuster, Johnstone Partners, is "in no way . . . any kind of promise by AAIC to do anything." (Doc. 15 at 2–3.) Further, AAIC argues Double-Cola's detrimental reliance based on the instruction alone was unreasonable. (Doc. 11 at 9.)

At the motion-to-dismiss stage, the Court must construe the pleadings in favor of Plaintiff and accept all of Plaintiff's allegations as true. *Gunasekera*, 551 F.3d at 466. Double-Cola's Policy incorporates the CHUBB Recall Policy, which provided coverage for certain product recalls of Double-Cola's consumable products. The CHUBB Recall Policy includes "a crisis response service" available to Double-Cola in the chance of an incident. (Doc. 8-1 at 49.) In relevant part, the CHUBB Recall Policy reads:

> In an effort to support the ongoing risk management programs of our policyholders, Chubb actively maintains relationships with several leading global product recall consultants. . . . Utilizing the expertise of this consultant network, policyholders are afforded access to resources that aid in the program development necessary for successful preparation and deployment of a product recall. In addition to pre-event planning, this network continues to be available for vital post-event consultation during the lifecycle of an actual recall.

(*Id.*) In the amended complaint, Double-Cola alleges it withdrew the Brewski line "in compliance with direct instructions from [AAIC] and its agents." (Doc. 8 ¶ 20.)

Given the Policy at hand, the Court assumes without deciding that it was reasonable for Double-Cola to rely on AAIC's consultant network and expertise in product recall. Despite AAIC's contentions, as the insurer who issued the CHUBB Recall Policy, AAIC was likely in a position to "instruct" Double-Cola to withdraw its product, and AAIC can be held responsible for any promise

10

Case 1:25-cv-00077-CLC-MJD   Document 17   Filed 09/09/25   Page 10 of 12
PageID #: 240

made by its insurance adjuster who was acting as an agent on behalf of AAIC. *See, e.g.*, *Clark v. Tenn. Farmers Mut. Ins. Co.*, No. E2019-00746-COA-R3-CV, 2020 WL 1900421, at *10 (Tenn. Ct. App. Apr. 17, 2020).

The dispositive issue, however, is whether the instruction made by AAIC and its agents to withdraw the Brewski line was an unambiguous promise to cover the financial loss that followed under the Policy. In this respect, Double-Cola's claim is lacking. By instructing Double-Cola to withdraw the affected product, AAIC "did not commit to take any specific action." *See Chapman*, 477 F. App'x at 333. The instruction might represent AAIC's concern with Double-Cola keeping the Brewski line on the market, but it does not constitute an unambiguous promise that the CHUBB Recall Policy would cover the withdrawn products. *See id*; *Roane Cnty.*, 2020 WL 5836553, at *3 (noting a representation differs from a promise). Absent an unambiguous and enforceable promise, Double-Cola has not stated a promissory estoppel claim on which relief can be granted. Therefore, the Court will **DISMISS WITH PREJUDICE** Count IV of the amended complaint.

### IV. CONCLUSION

Accordingly, AAIC's motion to dismiss (Doc. 11) will be **GRANTED IN PART AND DENIED IN PART**. The motion to dismiss will be **GRANTED IN PART** as to Count IV of Double-Cola's amended complaint. Count IV will be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The motion to dismiss will be **DENIED IN PART** as to Count II of Double-Cola's amended complaint. Count II is construed as a requested remedy, rather than an independent cause of action.

**AN APPROPRIATE ORDER WILL ENTER.**

                                       **/s/**
                                       **CURTIS L. COLLIER**
                                       **UNITED STATES DISTRICT JUDGE**